**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
In re:

      MEILING ZOU,

                      Debtors,

GUANGLEI JIAO,
NAN YU,
RUIJI ZHAI,
YANJUN LI, and
TROY LAW PLLC

                      Plaintiffs,
        v.

MEILING ZOU
     a/k/a Denise Zou

                   Defendants.
----------------------------------------------------------------x

**Case No:**

<u>**COMPLAINT OBJECTING TO
DISCHARGEABILITY OF
DEBT PURSUANT TO 11 U.S.C.
§ 523(a)(2); § 523(a)(6)**</u>

Plaintiffs/Creditors, GUANGLEI JIAO, NAN YU, RUIJI ZHAI, YANJUN LI, and

TROY LAW PLLC (collectively referred to as "Plaintiffs" or the "FLSA Employee Creditors"),

by undersigned counsel, bring this adversary proceeding ("Adversary Proceeding") against

Debtor MEILING ZOU a/k/a Denise Zou ("Defendant" or "Debtor")  seeking a judgment that

the debts owed to the FLSA Employee Creditors by Debtor, arising out of the lawsuit Plaintiffs

filed in the United States District Court for the Eastern District of New York against Debtors for

their violations of the Fair Labor Standards Act of 1938, ("FLSA"), 29 U.S.C. §§201 *et seq*.;

New York Labor Law, ("NYLL") § 650 *et seq.* and 12 New York Codes, Rules and Regulations

§ 146 (NYCRR) which are non-dischargeable pursuant to sections 523(a)(2)(A), and 523(a)(6)

of Title 11 of the Bankruptcy Code (as incorporated by 11 U.S.C. § 1192), and, as grounds state

as follows:

1. Plaintiffs GUANGLEI JIAO, NAN YU, RUIJI ZHAI, YANJUN LI, are former restaurant employees working for Debtor/Defendant MEILING ZOU a/k/a Denise Zou, Co-Debtor Defendants DAFFNEY WU a/k/a Dan Wu a/k/a Stephy Wu, YUANYUAN WU a/k/a Andy Wu and ZHAORUI FAN and non-debtor Defendant SHANG SHANG QIAN INC d/b/a Shang Shang Qian.

2. Plaintiffs GUANGLEI JIAO, NAN YU, RUIJI ZHAI, YANJUN LI, worked for Defendants, at Shang Shang Qian restaurant located at 36-34 Union Street, Flushing, NY 11354.

3. Debtor Defendant is sued in U.S. District Court for the Eastern District of New York in October 09, 2018 for willful violations of the FLSA, and NYLL, as further described *infra*. *See Jiao et al., v. Shang Shang Qian Inc. et al*, 18-cv-05624 (ARR)(VMS).

4. Plaintiff Troy Law, PLLC is the law firm representing Plaintiffs GUANGLEI JIAO, NAN YU, RUIJI ZHAI, YANJUN LI in a legal lawsuit against Debtor/Defendant MEILING ZOU a/k/a Denise Zou, Co-Debtor Defendants DAFFNEY WU a/k/a Dan Wu a/k/a Stephy Wu, YUANYUAN WU a/k/a Andy Wu and ZHAORUI FAN and non-debtor Defendant SHANG SHANG QIAN INC d/b/a Shang Shang Qian under the Fair Labor Standards Act (FLSA) and New York Labor Law (NYLL).

5. Under FLSA and NYLL, Plaintiffs are entitled to mandatory attorneys' fees and costs if Plaintiffs prevail in the litigation.

6. Debtor Defendant responded and answered the lawsuit stating that it admitted "Defendant SHANG SHANG QIAN INC d/b/a Shang Shang Qian is a domestic business corporation organized under the laws of the State of New York with a principal address at 36-34 Union St, Flushing, NY 11354, premises out of which it operated a Chinese restaurant."

7.  Debtor Defendant one among the top ten (10) largest shareholders of SHANG SHANG QIAN INC.

8.  Debtor/Defendant MEILING ZOU a/k/a Denise Zou, is the employer of Plaintiffs GUANGLEI JIAO, NAN YU, RUIJI ZHAI, YANJUN LI under the definitions of FLSA and NYLL. *See* **Exhibit 1**, Complaint.

9.  As employees of Debtor/Defendant MEILING ZOU a/k/a Denise Zou, Plaintiffs were regularly subjected to egregious and pervasive violations of Federal and New York State Labor laws by Debtor and other co-Defendants in the FLSA Action.

10. Throughout the course of the FLSA Action, Debtor acted in bad faith by not timely complying with the discovery obligations and they further delayed the case by changing attorneys to represent them which led to stay on the case and stay on Plaintiffs motion for conditional collective certification.

11. The claims asserted against Debtor by Plaintiff in the FLSA Action are non-dischargeable pursuant to sections 523(a)(2)(A) and 523(a)(6).

12. Debtor Defendant MEILING ZOU a/k/a DENISE ZOU hired employees for Shang Shang Qian Inc. d/b/a Shang Shang Qian.

13. Debtor Defendant MEILING ZOU a/k/a DENISE ZOU paid employees of Shang Shang Qian Inc. d/b/a Shang Shang Qian.

14. Debtor and the other co-Defendants induced Plaintiffs into working for them by promising to pay them an hourly rate/ daily rate that they had no intention of paying. Debtor thereafter intentionally failed to pay Plaintiffs their statutorily-mandated state and federal overtime wages, and spread of hours pay.

## JURISDICTION AND VENUE

15. This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is an adversary proceeding pursuant to Fed. R. Bankr. P. 7001(6) and a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

16. Venue lies properly in this Court, pursuant to 28 U.S.C. §§ 1408 and 1409.

17. Pursuant to Fed. R. Bankr. Proc. 7008(a), this Adversary Proceeding relates to Bankruptcy Case No. 20-44315, which was filed as a Chapter 7 case by the Debtors on December 18, 2020.

## PARTIES

*Plaintiffs*

18. From on or about May 31, 2017 through on or about September 21, 2018, Plaintiff GUANGLEI JIAO was employed by Defendants to work as a "fry wok" (sauté cook) and ingredient sorter at Shang Shang Qian restaurant, located at 36-34 Union Street, Flushing, NY 11354.

19. From on or about June 01, 2017 through on or about September 21, 2018, Plaintiff RUIJI ZHAI was employed by Defendants to work as a barbecue assistant and miscellaneous kitchen worker at Shang Shang Qian restaurant, located at 36-34 Union Street, Flushing, NY 11354.

20. From on or about June 02, 2016 through on or about September 21, 2018, Plaintiff YANJUN LI was employed by Defendants to work as a waitress, cashier, and cleaner at Shang Shang Qian restaurant, located at 36-34 Union Street, Flushing, NY 11354.

21. From on or about September 06, 2016 through on or about September 21, 2018, Plaintiff NAN YU was employed by Defendants to work as a barbecue assistant at Shang Shang Qian restaurant, located at 36-34 Union Street, Flushing, NY 11354.

22. As described below in greater detail, Plaintiffs, who are creditors in the above-captioned Chapter 7 case, worked for the Debtor/ the Defendant, within the three years preceding the filing of the FLSA Action. Plaintiffs performed a variety of restaurant and food & beverage service-related tasks.

*<u>Defendants</u>*

23. Defendant is the Debtor in the above-captioned Chapter 7 Bankruptcy case.

24. Debtor Defendant MEILING ZOU failed to disclose their interest in the Shang Shang Qian Inc. d/b/a Shang Shang Qian, when in reality Debtor/Defendant had exercised operational control over Debtor's business and the terms and conditions of Plaintiffs' employment including the ability to hire and fire employees, to maintain employment records, and to determine the rate and method of Plaintiffs' compensation.

25. Debtor Defendant, is one of the Plaintiffs' employers within the meaning of the FLSA and NYLL.

**FACTUAL BACKGROUND**

***Plaintiff GUANGLEI JIAO***

26. From on or about May 31, 2017, through on or about September 21, 2018, Plaintiff GUANGLEI JIAO was employed by Defendants to work as a "fry wok" (sauté cook) and ingredient sorter at Shang Shang Qian restaurant, located at 36-34 Union Street, Flushing, NY 11354.

27. From on or about May 31, 2017 through on or about January 22, 2018, Plaintiff GUANGLEI JIAO's regular work schedule ran from 15:00 to 26:00 (02:00 the next day) for eleven (11) hours a day for seven (7) days from Mondays through Sundays, plus

staying after his shift for an average of one (1) hour per day for each day, for a total of 84.00 hours each week.

28. From on or about January 23, 2018 through on or about September 21, 2018, Plaintiff GUANGLEI JIAO's regular work schedule ran from 16:00 to 27:00 (03:00 the next day) for eleven (11) hours a day for seven (7) days from Mondays through Sundays, plus staying for an average of one (1) hour per day for each day, for a total of 84 hours each week.

29. At all relevant times, Plaintiff GUANGLEI JIAO did not have a fixed time for lunch or for dinner.

30. In fact, Plaintiff GUANGLEI JIAO had ten (10) minutes to eat two (2) meals.

31. From on or about May 31, 2017, through on or about August 31, 2017, Plaintiff GUANGLEI JIAO was paid a flat compensation at a rate of three thousand two hundred dollars ($3,200.00) per month.

32.  From on or about September 01, 2017 through on or about September 21, 2018, Plaintiff GUANGLEI JIAO was promised a flat compensation at a rate of three thousand three hundred dollars ($3,300.00) per month.

33. However, from on or about September 1, 2018 through on or about September 21, 2018, a period in which he worked nineteen (19) days, Plaintiff GUANGLEI JIAO was paid only one thousand seven hundred dollars ($1,700.00).

34. At all relevant times, Plaintiff GUANGLEI JIAO was not paid overtime pay for over-time work.

35. Throughout his employment, Plaintiff GUANGLEI JIAO was not given a statement with his weekly payment reflecting employee's name, employer's name, employer's address

and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day.

36. Throughout his employment, Plaintiff GUANGLEI JIAO was not compensated at least at one-and-one-half his promised hourly wage for all hours worked above forty (40) in each workweek.

37. Throughout his employment, Plaintiff GUANGLEI JIAO was not compensated for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours.

### ***Plaintiff RUIJI ZHAI***

38. From on or about June 01, 2017 through on or about September 21, 2018, Plaintiff RUIJI ZHAI was employed by Defendants to work as a barbecue assistant and miscellaneous kitchen worker at Shang Shang Qian restaurant, located at 36-34 Union Street, Flushing, NY 11354.

39. From on or about June 01, 2017 through on or about September 21, 2018, Plaintiff RUIJI ZHAI was employed by Defendants to work as a barbecue assistant and miscellaneous kitchen worker at Shang Shang Qian restaurant, located at 36-34 Union Street, Flushing, NY 11354.

40. From on or about June 01, 2017 through on or about January 22, 2018, Plaintiff RUIJI ZHAI's regular work schedule ran from 15:00 to 26:00 (02:00 the next day) for eleven (11) hours a day for seven (7) days from Mondays through Sundays, plus staying for an average of one (1) hour per day for each day, for a total of 84.00 hours each week.

41. From on or about January 23, 2018 through on or about September 21, 2018, Plaintiff RUIJI ZHAI's regular work schedule ran from 16:00 to 27:00 (03:00 the next day) for

eleven (11) hours a day for seven (7) days from Mondays through Sundays, plus staying

for an average of one (1) hour per day for each day, for a total of 84 hours each week.

42. At all relevant times, Plaintiff RUIJI ZHAI did not have a fixed time for lunch or for

dinner.

43. In fact, Plaintiff RUIJI ZHAI had ten (10) minutes to eat two (2) meals.

44. From on or about June 01, 2017 through on or about August 31, 2017, Plaintiff RUIJI

ZHAI was paid a flat compensation at a rate of seventy dollars ($70.00) per day.

45. From on or about September 01, 2017 through on or about September 30, 2017, Plaintiff

RUIJI ZHAI was paid a flat compensation at a rate of eighty dollars ($80.00) per day.

46. From on or about October 01, 2017 through on or about October 31, 2017, Plaintiff

RUIJI ZHAI was paid a flat compensation at a rate of eighty-five dollars ($85.00) per

day.

47. From on or about November 01, 2017 through on or about April 30, 2018, Plaintiff

RUIJI ZHAI was paid a flat compensation at a rate of ninety dollars ($90.00) per day.

48. From on or about May 01, 2018 through on or about September 21, 2018, Plaintiff

RUIJI ZHAI was paid a flat compensation at a rate of ninety-five dollars ($95.00) per

day.

49. For the last month of his employment, from on or about September 1, 2018 through on

or about September 21, 2018, Plaintiff RUI JI ZHAI was paid only one thousand seven

hundred dollars ($1,700.00) in total despite working for nineteen (19) days at a

purported rate of ninety-five dollars ($95.00) per day—he should have earned one

thousand eight hundred and five dollars ($1,805.00) under this pay scheme.

50. At all relevant times, Plaintiff RUIJI ZHAI was not paid overtime pay for overtime work.

51. Throughout his employment, Plaintiff RUIJI ZHAI was not compensated at least at one-and-one-half his promised hourly wage for all hours worked above forty (40) in each work-week.

52. Throughout his employment, Plaintiff RUIJI ZHAI was not compensated for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours.

### *Plaintiff YANJUN LI*

53. From on or about June 02, 2016 through on or about September 21, 2018, Plaintiff YANJUN LI was employed by Defendants to work as a waitress, cashier, and cleaner at Shang Shang Qian restaurant, located at 36-34 Union Street, Flushing, NY 11354.

54. From on or about June 02, 2016 through on or about July 31, 2016, Plaintiff YANJUN LI's regular work schedule ran from 13:00 to 26:00 (02:00 the next day) for thirteen (13) hours a day for five (5) days from Mondays through Fridays for a total of 65.00 hours each week.

55. From on or about August 01, 2016 through on or about January 22, 2018, Plaintiff YANJUN LI's regular work schedule ran from 15:00 to 26:00 (02:00 the next day) for eleven (11) hours a day for seven (7) days from Mondays through Sundays for a total of 77 hours each week.

56. From on or about January 23, 2018 through on or about September 21, 2018, Plaintiff YANJUN LI's regular work schedule ran from 16:00 to 27:00 (03:00 the next day) for eleven (11) hours a day for seven (7) days from Mondays through Sundays for a total of 77 hours each week.

57. At all relevant times, Plaintiff YANJUN LI did not have a fixed time for lunch or for dinner.

58. In fact, Plaintiff YANJUN LI had ten (10) minutes to eat two (2) meals and even then she was on call, meaning that if customer's order came, her break stopped and she had to deliver.

59. From on or about June 02, 2016 through on or about January 31, 2017, Plaintiff YANJUN LI was paid a flat compensation at a rate of eight dollars ($8.00) per hour for eleven (11) hours a day.

60. From on or about February 01, 2017 through on or about July 31, 2018, Plaintiff YANJUN LI was paid a flat compensation at a rate of nine dollars ($9.00) per hour for eleven (11) hours a day, including for hours she worked in excess of forty (40) hours in a workweek.

61. From on or about August 01, 2018 through on or about September 21, 2018, Plaintiff YANJUN LI received no base pay for each hour worked, including for hours I worked in excess of forty (40) hours in a workweek.

62. At all relevant times, Plaintiff YANJUN LI was not paid overtime pay for overtime work.

63. At all relevant times, Plaintiff YANJUN LI was never informed of her hourly pay rate or any tip deductions toward the minimum wage.

64. Further, at all relevant times, Plaintiff YANJUN LI had to double as a non-tipped cashier and non-tipped cleaner.

65. At all relevant times, Plaintiff YANJUN LI's non-tipped work exceeds two (2) hours or twenty percent (20%) of Plaintiff's workday.

66. Further, at all relevant times, Plaintiff YANJUN LI had her tips misappropriated.

67. Specifically, at all relevant times from on or about June 2, 2016 through on or about July 31, 2018, all of Plaintiff YANJUN LI's tips, amounting to about two thousand two hundred dollars ($2,200.00) per month, were taken by the Defendants.

68. For the last period of employment, from September 1, 2018 through on or about September 21, 2018, Plaintiff YANJUN LI was also owed pay for three and a half (3.5) hours of "overtime."

69. Throughout her employment, Plaintiff YANJUN LI was not given a statement with her weekly payment reflecting employee's name, employer's name, employer's address and tele-phone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day.

70. Throughout her employment, Plaintiff YANJUN LI was not compensated at least at one-and-one-half his promised hourly wage for all hours worked above forty (40) in each work-week.

71. Throughout her employment, Plaintiff YANJUN LI was not compensated for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours at his promised rate.

### *Plaintiff NAN YU*

72. From on or about September 06, 2016 through on or about September 21, 2018, Plaintiff NAN YU was employed by Defendants to work as a barbecue assistant at Shang Shang Qian restaurant, located at 36-34 Union Street, Flushing, NY 11354.

73. From on or about September 06, 2016 through on or about January 23, 2018, Plain-tiff NAN YU's regular work schedule ran from 15:00 to 26:00 (02:00 the next day) for

eleven (11) hours a day for seven (7) days from Mondays through Sundays, plus staying

for an average of one (1) hour per day for each day, for a total of 84.00 hours each week.

74. From on or about January 24, 2018 through on or about September 21, 2018, Plaintiff

NAN YU's regular work schedule ran from 16:00 to 27:00 (03:00 the next day) for

eleven (11) hours a day for seven (7) days from Mondays through Sundays, plus staying

for an average of one (1) hour per day for each day, for a total of 84 hours each week.

75. At all relevant times, Plaintiff NAN YU did not have a fixed time for lunch or for

dinner.

76. In fact, Plaintiff NAN YU had ten (10) minutes to eat and even then he was on call,

meaning that if customer's order came, his break stopped and he had to deliver.

77. From on or about September 06, 2016 through on or about October 31, 2016, Plain-tiff

NAN YU was paid a flat compensation at a rate of seventy dollars ($70.00) per day.

78. From on or about November 01, 2016 through on or about December 31, 2016 , Plaintiff

NAN YU was paid a flat compensation at a rate of eighty dollars ($80.00) per day.

79. From on or about January 01, 2017 through on or about February 28, 2017, Plaintiff

NAN YU was paid a flat compensation at a rate of ninety dollars ($90.00) per day.

80. From on or about March 01, 2017 through on or about May 31, 2017, Plaintiff NAN YU

was paid a flat compensation at a rate of ninety-five dollars ($95.00) per day.

81. From on or about June 01, 2017 through on or about September 30, 2017, Plaintiff NAN

YU was paid a flat compensation at a rate of one hundred dollars ($100.00) per day.

82. From on or about October 01, 2017 through on or about May 31, 2018, Plaintiff NAN

YU was paid a flat compensation at a rate of one hundred ten dollars ($110.00) per day.

83. From on or about June 01, 2018 through on or about September 21, 2018, Plaintiff NAN YU was paid a flat compensation at a rate of one hundred twenty dollars ($120.00) per day.

84. At all relevant times, Plaintiff NAN YU was not paid overtime pay for overtime work.

85. Throughout his employment, Plaintiff NAN YU was not given a statement with his weekly payment reflecting employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day.

86. Throughout his employment, Plaintiff NAN YU was not compensated at least at one-and-one-half his promised hourly wage for all hours worked above forty (40) in each work-week.

87. Throughout his employment, Plaintiff NAN YU was not compensated for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours at his promised rate.

88. As explained above, Plaintiffs/Creditors, GUANGLEI JIAO, NAN YU, RUIJI ZHAI, YANJUN LI would constantly work longer shifts for the Debtors/Defendants.

89. Debtor/Defendant fraudulently and falsely represented, that the number of hours Plaintiffs worked were all compensated. In reality, the Debtor / Defendant deliberately acted in effort to avoid paying compensation for overtime and obtained their services through the false pretense that they were being paid properly when in actuality they were not.

90. This scheme was done as part of an intentional effort to obtain labor services of the Plaintiffs, without regard to compliance with minimum labor standards, with the purpose of saving monies for the Defendant's fraudulent purposes at the deliberate economic harm and expense of the Plaintiffs.

91. The circumstances of employment implied that Defendant would properly pay the Plaintiffs for all hours worked, and it was justifiable for the Plaintiffs to believe and rely on Defendant's accounting of their hours and calculation of pay.

92. As stated above, Defendants would pay Plaintiffs flat monthly pay to Plaintiff Guang Lei Jiao, daily rate pay for Plaintiffs Nan Yu and Rui Ji Zhai and hourly rate for Yan Jun Li.

93. Additionally, in Debtor/Defendant's answer to Plaintiffs Complaint in the underlying FLSA action, fraudulently and falsely represented to the Court that Plaintiffs/ Creditors never worked for the Defendant.

## FIRST CAUSE OF ACTION

**(NON-DISCHARGEABILITY OF DEBTS PURSUANT TO 11 U.S.C. § 523(a)(2)(A) for FALSE PRETENSES, A FALSE REPRESENTATION, OR ACTUAL FRAUD)**

94. Plaintiff incorporates paragraphs 1-93 as set forth above, and states, that 11 U.S.C. § 1192(2) provides that a subchapter V debtor may not be discharged from debts "of the kind specified in section 523(a)…."

95. Plaintiff further states that 11 U.S.C. § 523(a)(2)(A) provides that "a discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge …. Any debt…for money, property, services or an extension, renewal, or refinancing of credit, to

the extent obtained, by…false pretenses, a false representation, or actual fraud, other

than a statement respecting the debtor's or an insider's financial condition."

96. By engaging in schemes as part of a deliberate attempt to underpay the Plaintiffs, the

Debtor obtained services from Plaintiffs through, and among other violations, by

willfully making false representations, and willfully circumventing overtime laws.

97. Debtor / Defendant deceived Plaintiffs with his misstatements by failing to pay overtime

wages and failed to provide time of hire notice and paystubs to Plaintiffs. Plaintiffs

justifiably relied on Debtor's misstatements and omissions and were damaged as a

proximate result thereof by being deprived of the legally required wages for their

services. Because an employer is tasked with accounting for hours, and despite knowing

the number of hours Plaintiffs worked each week for the Defendant's and Plaintiffs

having no knowledge of the legally required wages to be compensated and the

circumstances of employment left Plaintiffs dependent upon the Debtor for a true and

correct accounting of hours and calculation of pay.

98. As such, Debtor obtained services from Plaintiffs by false pretenses, false

representations and/or actual fraud and, therefore, the claims asserted against the

Debtor's by Plaintiffs in the FLSA Action is not dischargeable in bankruptcy pursuant to

Section 523(a)(2)(A) of the Bankruptcy Code.

## SECOND CAUSE OF ACTION

**(NON-DISCHARGEABILITY OF DEBTS PURSUANT TO 11 U.S.C. § 523(a)(6) FOR
WILLFUL AND MALICIOUS INJURY BY DEBTOR TO PLAINTIFFS)**

99. Plaintiffs incorporates paragraphs 1-93 as set forth above, and states, that 11 U.S.C. §

1192(2) provides that a subchapter V debtor may not be discharged from debts "of the

kind specified in section 523(a)….".

100.    Plaintiffs further states that 11 U.S.C. § 523(a)(6) provides that "a discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt…for willful and malicious injury by the debtor to another entity or to the property of another entity".

101.    Debtor has willfully and maliciously violated labor laws by failing to pay Plaintiffs' overtime pay and spread of hours pay per the FLSA and NYLL.

102.    Debtor has acted willfully and maliciously because despite awareness of the obligations of the Federal and New York minimum wage laws; Debtor failed to pay Plaintiffs overtime premiums. Debtor acted maliciously insofar as Debtor's failure to pay spread of hours pay, failure to provide wage statements and notices, were intentional and wrongful acts which caused Plaintiffs injury in the form of lost wages and were in conscious disregard of Debtor's legal duties and were without just cause or excuse.

103.    Debtor/ Defendant MEILING ZOU a/k/a Denise Zou is one among the top ten (10) largest shareholders of SHANG SHANG QIAN INC. Debtor/ Defendant MEILING ZOU a/k/a Denise Zou is also known as Lady Boss to Plaintiffs. Therefore, Debtor/Defendant MEILING ZOU a/k/a Denise Zou is jointly and severally liable under the New York Business Corporation Law ("NYBSC") for all debts, wages or salaries due and owing to any of its laborers, servants or employees other than contractors, for services performed by them for such corporation. NYBSC § 630(a). Plaintiffs are therefore entitled to fourth priority under 11 U.S.C. § 507(a)(4)(A).

104.    Debtor, by intending to deprive Plaintiffs of their economic value and entitlement to statutorily mandated wages, Debtor willfully and maliciously caused intentional economic loss and injury to Plaintiffs and therefore, the claims asserted against the

Debtor by Plaintiffs in the FLSA Action are not dischargeable in bankruptcy pursuant to Section 523(a)(6) of the Bankruptcy Code.

105.    Debtor's failure to pay the Plaintiffs properly in accordance with the FLSA, the NYLL caused a willful and malicious injury to them such that the debts owed by Debtors to the Plaintiffs, including attorneys' fees and costs to which they are entitled under the FLSA and NYLL. Therefore, pursuant to 11 U.S.C. § 523(a)(6), Debtor is not entitled to a discharge of such debts.

<u>**PRAYER FOR RELIEF**</u>

**WHEREFORE**, Plaintiffs respectfully pray for relief as follows:

(a) With respect to the first cause of action, enter judgment and an order denying Debtor a discharge with respect to the FLSA, and NYLL debts owed to Plaintiffs, including attorneys' fees and costs, pursuant to 11 U.S.C. §523(a)(2)(A); § 523(a)(6);

(b) For an award of attorneys' fees and costs incurred in prosecuting this action; and

(c) For such other and further relief as the Court deems necessary, just and proper.

Dated: Flushing, NY
        March 29, 2021

TROY LAW, PLLC


 /s/ John Troy
John Troy, Esq. (JT0481)
41-25 Kissena Boulevard, Suite 103
Flushing, New York 11355
Tel: (718) 762-1324
Fax: (718) 762-1342
johntroy@troypllc.com
*Attorneys for Plaintiffs*